**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

JESSIE BARNES, 97-B-1784,

                               Plaintiff,      MEMORANDUM and
                                                        ORDER
                -vs-
JOHN ALVES, *et al.*,[1]                          01-CV-6559-CJS

                               Defendants.

---

**Siragusa, J.** Before the Court is Plaintiff's letter application, dated June 15, 2010, seeking injunctive relief. Specifically, Plaintiff seeks an order transferring him from Upstate Correctional Facility, alleging that he is being abused there. (Jessie J. Barnes letter to the Court, Jun. 15, 2010.[2]) Plaintiff's application includes what he purports to be a grievance submitted to the correctional facility against "No-Good Racist Scoundrel Brand" (*Id.*, attachment at 1.) The Court notes that this lawsuit did have a defendant identified as Robert Brandt, but that through a stipulation filed on December 3, 2007, he was terminated from the suit.

The Court construes Plaintiff's letter application as a request for injunctive relief under Federal Rule of Civil Procedure 65. That rule states in pertinent part, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

---

[1] Defendant John Alves was dismissed from the case on December 3, 2007; however, his name was retained as the lead defendant for ease of identifying this lawsuit. In addition, of the 96 defendants originally named, only Randy Banks, Courtney Bennett, T. Berg, Carol Bubcaz, D. Davis, Thomas Dinninny, Gregory Hungerford, James Marshall, Angelo Mastrantonio, Peter Mastrantonio Jr., Donald McIntosh, T. Murley, B. Potter, Franklin Raub, M. Vandegrift, Paul Weed, and H. Wetzel remain defendants in this case.

[2] On this letter, Plaintiff has indicated that he sent a copy to defense counsel; however, he has not included a certificate of service. In view of Plaintiff's *pro se* status, the Court will consider the application. However, Plaintiff is advised, again, as the Court advised him in its Decision and Order of September 30, 2009, that he is required to serve copies of all motions on defense counsel and submit proof of that service with any application for a court order.

If the Court were to construe Plaintiff's application as requests for entry of temporary restraining orders, it would have to find that,

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and … the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) & (B). Further, to grant either a temporary restraining order or a preliminary injunction, a plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted).

In his application, Plaintiff requests affirmative relief, not merely a return to the status quo. In that situation, the Second Circuit has written:

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id*.… [T]his distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the

2

movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

The Court determines that Plaintiff has not met the threshold requirements for injunctive relief, outlined above, and additionally, that he has not shown how the Court has jurisdiction over the individual he names, who is not a party to his lawsuit. Plaintiff has evidently taken the necessary preliminary steps to resolve this issue through the DOCS Inmate Grievance Program, a required prerequisite to bringing a complaint in Federal court. However, he has not shown that he is entitled to a mandatory injunction since he has not made a clear showing that he entitled to the relief he seeks, or that extreme or very serious damage will result from a denial of preliminary relief. Accordingly, it is hereby,

ORDERED, that Plaintiff's letter application of June 15, 2010, seeking injunctive relief is denied.

SO ORDERED.

Dated: November 2, 2010
       Rochester, New York

    /s/ Charles J. Siragusa
    CHARLES J. SIRAGUSA
    United States District Judge